IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**VICTORIA L. WILLIAMS,**

    **Plaintiff,**

vs.                                 Case No. 1:14cv218-MP/CAS

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned for consideration of the Defendant's motion to dismiss, doc. 10, construed as a motion for summary judgment, doc. 11, in which the Defendant requests dismissal of Plaintiff's Complaint as untimely.

**1. Procedural History**

On November 21, 2014, Plaintiff, by counsel, filed a Complaint in this Court. Doc. 1. The Plaintiff seeks review of a decision rendered by the Acting Commissioner (Commissioner) denying her application for a period of disability and Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act). Doc.1. The filing of the Complaint was preceded by the following undisputed facts, which are found in the Plaintiff's Complaint, doc.1; Defendant's motion to dismiss, doc. 10; the Defendant's statement of material facts, doc. 12; and the Plaintiff's response in opposition to the Defendant's motion to dismiss/motion for summary judgment, doc. 13. Plaintiff did not

file a statement of material facts in opposition to the Defendant's motion to dismiss/motion for summary judgment.

On September 15, 2011, Plaintiff filed an application for DIB.  Doc. 10-1 at 8.  On February 28, 2012, a hearing was held by Administrative Law Judge (ALJ) Michael A. Krasnow.  *Id*. at 16.  Plaintiff was represented by Devern Y. Wilson, a non-attorney representative.  *Id*. at 8.  On April 23, 2013, the ALJ entered a decision denying the Plaintiff's application for social security benefits.  *Id*. at 16.  Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council on September 15, 2014.  *Id*. at 17.  The Appeals Council stated in its Notice of Appeals Council Action (Notice), in part, that the Plaintiff had "60 days to file a civil action (ask for court review)"; that "[t]he 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period"; "[i]f you cannot file for court review within the 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for waiting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in this request."  *Id*. at 18.

Plaintiff asserts that the Notice entered by the Appeals Council on September 15, 2014, was actually mailed to Plaintiff on September 17, 2014, because the "envelope that the Appeals Council used to mail the Notice of the Appeals Council Action to Plaintiff Williams **was postmarked and dated September 17, 2014**, not September 15."  Doc. 13 at 2.  A copy of the envelope was attached to Plaintiff's Complaint, doc. 1-2 (exh. B), and to her response, doc. 13-2 at 1 (exh. B).  Plaintiff's counsel states that he was retained on November 21, 2014, doc. 13 at 1, the date the Complaint was filed

in this Court, doc. 1. Plaintiff argues that any request for judicial review was due to be filed on or before November 21, 2014, *i.e.*, 65 days after the Appeals Council's Notice was mailed on September 17, 2014, or 60 days from September 22, 2014, not 65 days after the date stated on the notice or September 15, 2014, or November 19, 2014. Doc. 13 at 4.

In her motion, doc. 10, the Commissioner did not take issue with Plaintiff's assertion that the Notice was mailed on September 17, 2014, but argues that the mailing date is unavailing because Plaintiff "offers no proof that she did not receive the [N]otice within five days of September 15, 2014. In fact, she makes no representation at all as to the date of receipt," doc. 10 at 6. *See* doc. 13.

## 2. Legal Analysis

### A. Summary Judgment

A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Evidence presented by the plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to the plaintiff. Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999).

To prevail on a motion for summary judgment, the defendant must show that the plaintiff has no evidence to support her case on the narrow issue raised in the motion. *See* Celotex Corp., 477 U.S. at 322-23. If the defendant successfully negates an

essential element of the plaintiff's case, the burden shifts to plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact.  *Id.*  The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient.  Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  The Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion.  Celotex Corp., 477 U.S. at 273-74; Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997) ("Rule 56(e). . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'") (quoting Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e))); Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994).  Lastly, an affidavit supporting or opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e)(1).

### B. Review of the Commissioner's Final Decision

The United States "is immune from suit save as it consents to be sued," and Congress alone determines how and when the United States may be sued for judicial

review of administrative orders and judgments.  Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)).  Congress waived sovereign immunity in 42 U.S.C. § 405(g) by giving federal courts jurisdiction to review and modify or reverse the Commissioner's decisions.  *See* Huie v. Bowen, 788 F.2d 698, 705 (11th Cir. 1986).

Section 405(g) provides that a claimant may obtain review of the Commissioner's decision by filing "a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . ." 42 U.S.C. § 405(g); *see* 20 C.F.R. § 422.210(b) & (c).[1]  20 C.F.R § 422.210(c) states, in part:

> (c) Time for instituting civil action.  Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.  For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

---

[1] The Supreme Court has held "that application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the congressional purpose and is nowhere eschewed by Congress." Bowen v. City of New York, 476 U.S. 467, 480 (1986) (internal quotation marks and citation omitted).  Plaintiff does not argue that equitable tolling applies here.  Doc. 13; *see* Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007) ("the doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court was untimely").  The Eleventh Circuit has held that although "equitable tolling may apply to § 405(g)'s statute of limitations, before a court may do so it must apply 'traditional equitable tolling principles.'  And traditional equitable tolling principles require that the claimant demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment." Collier-Fluellen v. Comm'r of Soc. Sec., 408 F. App'x 330 (11th Cir. 2011) (unpublished). (Unpublished decisions of the Eleventh Circuit are not binding precedent.  *See* 11th Cir. R. 36-2.)

20 C.F.R. § 404.901 provides, in part: "Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."

### C. Discussion

The Appeals Council's Notice is dated September 15, 2014.[2] The Commissioner does not take issue with Plaintiff's stated fact that the notice was not mailed until September 17, 2015. The Appeals Council's Notice denying the Plaintiff's request for review of the ALJ's decision informed Plaintiff that the deadline for filing a civil action was within 60 days of receipt of the action by the Appeals Council, plus five days for mailing, which meant that a complaint seeking judicial review had to be filed by November 19, 2015, the 65th day after September 15, 2014.

Plaintiff does not argue that she misunderstood these instructions or was misled by any federal actor or that she was incapable of seeking judicial review in a timely fashion.[3] Plaintiff does not state when she received the Notice, *see supra* at n.3, nor offer any reason why she waited until November 21, 2014, to retain counsel. Plaintiff's sole argument is that the 60-day period should start on September 22, 2014, five days

---

[2] Plaintiff is presumed to have received the notice five days later, on September 20, 2014. To rebut the presumption, Plaintiff must make a "reasonable showing" to the contrary. 20 C.F.R. § 422.210(c). Plaintiff has made no such showing.

[3] This is not a case involving a pro se plaintiff who was in some manner misled, or due to illness or otherwise was unable to timely file a civil action. *See generally* Carroll v. Astrue, Case No. 3:09-cv-00515-PPS-CAN, 2010 U.S. Dist. LEXIS 51191, at *7-8 (N.D. Ala. May 24, 2010); Sanchez v. Barnhart, Case No. 03-C-537-C, 2004 U.S. Dist. LEXIS 9037, *3-7 (W.D. Wis. May 4, 2007). (It appears Plaintiff was represented by a non-attorney representative. Doc. 10-1 at 8.) Plaintiff offers no explanation for not timely filing her complaint. *See generally* Gay-Allen v. Colvin, Case No. 3:13cv586/MCR/EMT, 2015 U.S. Dist. LEXIS 15453, at *14-17 (N.D. Fla. Jan. 5, 2015) (rejecting plaintiff's claims that she did not receive the Notice), *adopted*, 2015 U.S. Dist. LEXIS 15451 (N.D. Fla. Feb. 9, 2015).

after September 17, 2014, the date of the Appeals Council's Notice was mailed. Plaintiff argues the five days mentioned in 20 C.F.R. § 422.210(c) should begin for the purpose of counting the 60-day time limit on the date the Notice was actually mailed, which means that the 65th day fell on November 21, 2014, doc. 13 at 4, not November 19, 2014, as asserted by the Commissioner, doc. 10 at 5; doc. 12 at 2.

> The applicable regulations construe [§ 405(g)] as providing that the sixty-day period commences when the notice is received by the claimant, and that the date of receipt is "presumed" to be five days after the date of the notice absent a "reasonable showing" to the contrary. 20 C.F.R. § 422.210(c); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) (emphasizing that period begins upon receipt, rather than mailing of notice). To rebut the presumption, "a plaintiff must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance." *Marte v. Apfel*, 1998 U.S. Dist. LEXIS 8078, No. 96 Civ. 9024 (LAP), 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998) (collecting cases). *The sixty-day time limit is strictly construed because it defines the terms on which the United States waives its sovereign immunity and consents to be sued. Bowen v. City of New York*, 476 U.S. 467, 479, 90 L. Ed. 2d 462, 106 S. Ct. 2022 (1986); *Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995).

Davila v. Barnhart, 02 CIV. 194 (DLC), 2002 U.S. Dist. LEXIS 5260, at *4-5 (S.D. N.Y. Apr. 1, 2002) (emphasis added).

In Davila, the court commented on Matsibekker, a case cited by Plaintiff, doc. 13 at 3, and stated:

> In *Matsibekker*, the claimant successfully rebutted the presumption of receipt within five days by showing that the notice in that case was *not actually mailed until seven days after its date. Matsibekker*, 738 F.2d at 81. No such showing has been made by the plaintiff here. While at least one court has measured the five-day period within which receipt is presumed from the date of mailing, *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987), in *McCall it was unreasonable to presume that the notice was received within five days of its issuance since it was not mailed until seven days after its issuance.*

2002 U.S. Dist. LEXIS 5260, at *5 (emphasis added). Because the Notice in Matsibekker and McCall *was not mailed until seven days after it was issued*, the plaintiffs could not have received it within the five-day grace period. The Matsibekker

and McCall plaintiffs thus made "reasonable showings" that rebutted the five-day presumption.

In Davila, the Appeals Council's Notice was entered on October 31, 2001, but not mailed on November 1, 2001, in light of a postmark on the envelope that contained the Notice. Davila, like Plaintiff here, argued that the five-day presumption for receipt of the Notice should be calculated from the date of mailing, not the date printed on the notice. 2002 U.S. Dist. LEXIS 5260, at *1-3. The court rejected this argument:

> Davila has not rebutted the presumption of receipt within five days from the date of the Notice. She has not made a reasonable showing that she did not receive the Notice within five days of its issuance. While the Notice was sent out on November 1, one day after its date of issuance, neither Davila nor her attorney remembers when they received the Notice. It is entirely reasonable to presume that they received it within four days of its mailing.

*Id.* at *5.[4]

As noted above, 20 C.F.R § 422.210(c) creates a presumption that Plaintiff received the Notice "5 days after the date of such notice, unless there is a reasonable showing to the contrary." "The Commissioner's presumption arises upon proof of 'the date of [the] notice,' 20 C.F.R. § 422.210(c), without any proof that the notice was in fact mailed on or about that date." Pettway v. Barnhart, 233 F. Supp. 2d 1354, 1360-61

(S.D. Ala. 2002) (citations omitted).[5]

---

[4] The court ordered additional briefing "on whether the mistaken belief of plaintiff's attorney that the complaint was filed on a timely basis is a ground for equitable estoppel." Davila v. Barnhart, 225 F. Supp. 2d 337, 338 (S.D. N.Y 2002). After considering this issue, the court granted the Commissioner's motion to dismiss the complaint as time-barred. *Id.* at 340. Here, Plaintiff's current counsel did not represent her before the ALJ or Appeals Council – his only participation in the case was to file a complaint in this Court. Plaintiff does not mention her non-attorney representative, *see* doc. 10-1 at 8, or necessarily any action or in-action on the representative's part. Doc. 13.

Plaintiff provided the Court with the front portion of an envelope, with a notation on the face of the envelope of "SSA001E" showing a mailing date of September 17, 2014, doc. 1-2 (exh. B); doc. 13-2 at 1 (exh. B). The Court assumes the Notice was mailed on this date because the matter is not contested by the Commissioner. Notwithstanding, Plaintiff has not made a "reasonable showing" to adequately rebut the presumption that she received the Notice on or before September 20, 2014, five days after the date of the Notice.

After considering the Rule 56 evidentiary materials and all of the information supplied by the Plaintiff and the Defendant, the undersigned concludes that no genuine issue of material fact exists. Thus, the Defendant's properly-supported motion to dismiss, doc. 10, construed as a motion for summary judgment, doc. 11, should be granted, as this action is barred by the statute of limitations.

---

[5] In <u>Pettway</u>, the claimant provided an affidavit denying timely receipt of the notice that was unsupported, but counsel corroborated delayed receipt with a date-stamped copy of the notice sent to the claimant's counsel, which was also delayed and which caused a notation reflecting a date the complaint was due and counsel attested to the mail's clerk's training. The Commissioner's motion to dismiss was denied. <u>Pettway</u>, 233 F. Supp. 2d at 1362-63.

**RECOMMENDATION**

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED t**hat the Defendant's motion to dismiss, doc. 10, construed as a motion for summary judgment, doc. 11, be **GRANTED** and the case dismissed.

**IN CHAMBERS** at Tallahassee, Florida, on March 30, 2015.

      <u>s/ Charles A. Stampelos</u>
      **CHARLES A. STAMPELOS**
      **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**